PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS. F. VELÁZQUEZ, Defendant and Appellant.

No. 6621. Argued July 20, 1937.—Decided July 23, 1937.

*Julio Pinto Gandía* and *Carlos Santana Becerra* for appellant. *R. A. Gómez, Prosecuting Attorney* for appellee.

Mr. JUSTICE TRAVIESO delivered the opinion of the Court.

Luis F. Velázquez was charged and convicted in the Municipal Court of Manatí of the offense of carrying a prohibited weapon. On May 26, 1936, he filed his appeal in the District Court of Arecibo, the trial de novo taking place on November 17, 1936: Upon being convicted and sentenced to serve two months in jail, he took the present appeal.

It is urged that the lower court erred in deciding that the motion requesting the dismissal of the prosecution had been filed too late; and in overruling said motion, without the delay for the trial after the expiration of the 120 days fixed by Section 448 of the Code of Criminal Procedure having been justified first.

The first error assigned, if committed at all, did not prejudice in any way the substantial rights of the appellant. The case was set for trial on November 17, 1936. On the 12th of the same month the accused filed his motion for a dismissal of the prosecution and requested that the motion be set for hearing on the same day set for the trial. It is true that the lower court held that the motion came too late because it had been presented at the time of the trial, but after stating, "but even assuming that the motion was not too late, we find that there is no ground to sustain the same", the court went on to consider the motion on its merits, and

held that there had been reasonable cause which prevented the case from being heard sooner, and that if there was any fault it was of the accused or of his attorney.

From the certificate issued by the Clerk of the District Court of Arecibo, made a part of the record by an order of this Supreme Court rendered at the request of the appellant himself, it appears that the record was filed in the district court on May 26, 1936, and hence the period of 120 days fixed by the statute expired on September 23, 1936; that the trial was set for September 17, which was a date comprised within the legal period, that from the minutes of the court of September 17 it appears that when the case was called for trial the accused did not appear at the specified hour, either personally or by attorney, for which reason the court was compelled to order a continuance, that an hour after the trial had been postponed, when the witnesses for the prosecution had already left, the attorney for the accused appeared before the court and informed it that he had come to defend the accused, and when he was informed by the court that the trial had been postponed as he had not appeared in time, said attorney apologized for having arrived late, stating that he had been delayed in Bayamón due to a certain incident between the chauffeur and a passenger of the automobile in which he was travelling; and that the case was set again for November 17, on which date the trial took place.

As it appears from the record that if the trial did not take place within the 120 days following the date on which the record was filed in the district court it was because neither the accused nor his attorney appeared on the date set, for which reason the court was compelled to make a new setting, we must hold that the lower court did not err in overruling the motion requesting the dismissal of the cause. The delay was justified by the acts of the defendant himself.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.